UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHAVE SMITH,

    Plaintiff,

v.                              Case No.:

SCHULTE HOSPITALITY GROUP, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, CHAVE SMITH, by and through undersigned counsel, hereby sues Defendant, SCHULTE HOSPITALITY GROUP, INC., and in support thereof alleges as follows:

## JURISDICTION AND VENUE

1. This is an action brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e et. Seq., and 42 U.S.C. §1981a (hereinafter Title VII); and the Florida Civil Rights Act of 1992, §760.01-11, Florida Statutes.

2. This Court has jurisdiction of the federal claims under 28 U.S.C. §§1331 and 1343(3) and (4); jurisdiction over the state claims arises under 28 U.S.C. §1367.

3. At all times material hereto, Plaintiff was a female citizen of the United States and a resident of Leon County, Florida.

4. At all times material hereto, Defendant, SCHULTE HOSPITALITY GROUP, INC., was a foreign limited liability company authorized to do business, and doing business in, Leon County, Florida.

## CONDITIONS PRECEDENT

5. Plaintiff has complied with all conditions precedent to the filing of this claim, namely: a complaint of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; the EEOC issued its findings and this action was commenced within 90 days of the EEOC's findings.

## FACTS

6. Plaintiff is female and is a member of a protected class because of her gender and the fact that she reported discrimination and was the victim of sexual harassment.

7. On or about October of 2017, Plaintiff began employment with Defendant as a cocktail server at Level 8 rooftop bar inside of Hotel Duval located at 415 North Monroe Street, Tallahassee, Florida 32301.

8. At all times material hereto, Plaintiff was qualified for her job and performed her job satisfactorily.

9. During her employment with Defendant, and more specifically, while at Level 8, Plaintiff was subjected to sexual harassment and disparate treatment. The

mistreatment came at the hands of specifically, but not limited to, Level 8 Lounge Manager, Edward Moragne, and Food and Beverage Director of Hotel Duval, Anthony Allen.

10. Plaintiff was subjected to inappropriate repeated sexual harassment by her direct supervisor, Edward Moragne, and Mr. Moragne's direct supervisor, Anthony Allen. The discriminatory treatment and sexual harassment includes, without limitation, the following: rubbing Plaintiff's buttocks; Mr. Allen telling Plaintiff that he wanted to have sex with her; kissing Plaintiff by surprise; Mr. Allen asking Plaintiff if he could touch her buttocks; Mr. Moragne telling Plaintiff that Mr. Allen's touching and sexual comments were not a serious matter; Mr. Moragne telling Plaintiff that this matter was not important and that she should just let it go; Mr. Moragne warning Plaintiff that she could damage her own career as well as Mr. Allen's if she persisted with reporting her complaints of sexual harassment. The sexual harassment was severe and pervasive. It began in approximately October of 2017 and continued and worsened in April of 2018.

11. Plaintiff reported the sexual harassment by Mr. Allen in approximately May of 2018 to her direct supervisor, Mr. Moragne. A few weeks later, Plaintiff reported the sexual harassment by Mr. Allen to Hotel Duval's General Manager, Arthur Huynh.

12. Upon information provided by Plaintiff, Defendant's employees, Mr. Moragne and Mr. Huynh, took no action to stop management's unlawful behavior, thus putting Plaintiff at risk of further sexual harassment and other inappropriate behavior.

13. The sexual harassment has caused Plaintiff such extreme mental and physical distress that she felt she had no other option but to resign from her position at Level 8.

14. Plaintiff has had to retain counsel to vindicate her rights in this matter and is owed a reasonable attorney's fee.

## COUNT I - NEGLIGENCE

15. Paragraphs 1-14 are re-alleged and incorporated herein by reference.

16. This is an action against Defendant for negligence. This Count is pled in the alternative.

17. Defendant owed a duty of care as to the Plaintiff, and to its other employees, to supervise Mr. Moragne and Mr. Allen in a manner that protects them from sexual harassment and other inappropriate and/or unlawful conduct by Mr. Moragne and Mr. Allen.

18. Furthermore, Defendant stood in a special position as to the Plaintiff and as such a duty of care arose. Defendant created a set of circumstances through which the Plaintiff was injured by Defendant's actions and/or inactions both emotionally

and financially. Defendant knew or should have known that its actions and/or inactions toward Plaintiff would result in harm to Plaintiff, but Defendant continued to engage in said conduct notwithstanding this knowledge. As the direct and proximate result of the actions alleged herein, the Plaintiff suffered harm.

19.     Defendant breached its duty of care owed to Plaintiff by failing to supervise and/or train Mr. Moragne and Mr. Allen to prevent their unlawful conduct against Plaintiff, as more fully set forth above. Defendant further breached its duty of care owed to Plaintiff by improperly retaining Mr. Moragne and Mr. Allen after it became aware of their sexual harassment and other unlawful/inappropriate conduct.

20.     As a direct and proximate cause of Defendant's actions, Plaintiff has suffered damages, which include: mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. The damages have occurred at present, in the past, and will most likely occur in the future.

### COUNT II – SEXUAL HARASSMENT/GENDER DISCRIMINATION – FLORIDA CIVIL RIGHTS ACT

21.     Paragraphs 1-14 are re-alleged and incorporated herein by reference.

22.     This is an action against Defendant for discrimination based upon gender brought under Chapter 760, Florida Statutes.

23.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of

Defendant when she was sexually harassed based on her gender and subjected to hostility and poor treatment on the basis of Plaintiff's gender.

24. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

25. Furthermore, Defendant knowingly condoned and ratified the sexual harassment and differential treatment of Plaintiff as more fully set forth above because it allowed the harassment and differential treatment and participated in same.

26. Defendant's known allowance and ratification of these actions and inactions created, perpetuated, and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

27. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

28. The discrimination/sexual harassment complained of herein affected a term, condition, or privilege of Plaintiff's employment with Defendant.

29. Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon gender in violation of Chapter 760, Florida Statutes.

30. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses. These damages have occurred in the past and are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

## COUNT III – SEXUAL HARASSMENT/GENDER DISCRIMINATION – TITLE VII

31. Paragraphs 1-14 are re-alleged and incorporated herein by reference.

32. This is an action against Defendant for discrimination based upon gender brought under Title VII.

33. Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant when she was sexually harassed based on her gender and subjected to hostility and poor treatment on the basis of Plaintiff's gender.

34. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions

and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

35. Furthermore, Defendant knowingly condoned and ratified the sexual harassment and differential treatment of Plaintiff as more fully set forth above because it allowed the harassment and differential treatment and participated in same.

36. Defendant's known allowance and ratification of these actions and inactions created, perpetuated, and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

37. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

38. The discrimination/sexual harassment complained of herein affected a term, condition, or privilege of Plaintiff's employment with Defendant.

39. Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon gender in violation of Title VII.

40. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other

non-pecuniary losses. These damages have occurred in the past and are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

WHEREFORE Plaintiff demands judgment against Defendant, SCHULTE HOSPITALITY GROUP, INC., for damages, litigation costs, attorney's fees, and any other relief this Court deems just and proper. Plaintiff further demands a jury trial on all issues so triable.

Respectfully submitted this 16th date of September, 2019.

FASIG | BROOKS

 /s/ E. Rose Kasweck
E. ROSE KASWECK (FBN: 106037)
rose@fasigbrooks.com
kesha@fasigbrooks.com
3522 Thomasville Rd, Suite 200
Tallahassee, FL 32309
Phone: 850-224-3310
Fax: 850-224-3433

*Attorneys for Plaintiff*